IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GARY REED WALP** | ) | |
| | ) | |
| v. | ) | 3-08-CV-605-N |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Allred Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Iowa Park, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Walp is in custody serving a sentence imposed on January 5, 1981, for the offense of aggravated rape as charged in the indictment in No. F-80-11573-ML. His conviction was affirmed. The present petition does not attack the legality of his conviction, but rather attacks the revocation of his mandatory supervision release by the Parole Division of the Texas Department of Criminal Justice on December 18, 2006. After pursuing administrative remedies within the TDCJ Walp filed an application for habeas corpus relief in the convicting trial

court on July 19, 2007, which was denied by the Texas Court of Criminal Appeals on February 27, 2008, on the findings of the trial court without a hearing. *See* App. No. WR-10,625-11, at cover.

In response to the petition and this court's show cause order Respondent filed an answer and copies of prior state proceedings.[1] Walp filed replies to the answer on January 30, 2008, and September 9, 2008.

**<u>Findings and Conclusions</u>**: In each of his grounds for relief Walp raises claims with respect to the revocation of his parole in 2006 following his release on parole in 2003 after having served a portion of his 35-year sentence in the Texas Department of Criminal Justice.[2]

His claims are governed by the standards embodied in the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). In pertinent part the AEDPA prohibits a federal court from granting habeas corpus relief unless the state court denial of relief "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." § 2254(d)(1).

In his first ground Walp contends that the Parole Division of the Texas Department of Criminal Justice violated the Eighth Amendment's prohibition against "cruel and unusual punishment" by releasing him on mandatory release supervision on July 2, 2003, into an environment in close proximity to criminal activity which increased the likelihood of recidivism and reincarceration. Although Petitioner's argument is quite novel in attempting to blame the parole division for his violation of the conditions of parole some three years later, the United States

---

[1] The only relevant proceedings are the art. 11.07 application designated as No. WR-10,625-11 and Walp's parole revocation records tendered with Quarterman's answer.

[2] This is Walp's second release on parole from his 1981 aggravated rape conviction. He was released on parole in April 1992 which was revoked in March 1995 following his conviction for the unauthorized use of a motor vehicle. *See also Walp v. Johnson*, No. 3-96-CV-437-T, Northern District of Texas, dismissed with prejudice on September 23, 1996.

Supreme Court has never issued an opinion which holds that the Eighth Amendment can be violated by a prisoner's *release* on parole. Therefore, this ground fails to permit a colorable claim for federal habeas corpus relief.

Ground Two of the petition is essentially a variation of his first ground. Although the record is clear that Walp admitted each violation of his mandatory release, *See* WR-10,625-11, at 118, he claims that his due process rights were denied when his parole was revoked. The process which is due in a parole revocation proceeding is set out in *Morrissey v. Brewer*, 408 U.S. 471, 488-89 (1972).[3] Petitioner does not claim that any of the enumerated requirements were not met. His suggestion that his mandatory supervision should not have been revoked *because of* the environment into which he was released has never been addressed by the Supreme Court or adopted by the Court as a factor bearing on disposition of a motion to revoke parole.

His final ground for relief attacks the forfeiture of his "street time" while on mandatory supervision release between July 3, 2003, and November 17, 2006. He does not claim that "street time" cannot be forfeited when a release on mandatory supervision is revoked[4] but rather he asserts that because the revocation violated his substantive due process rights he is entitled to have the concommitant lost street time reinstated along with his release on mandatory supervision. However, for the reasons set out above Walp has failed to establish that his mandatory supervision release was revoked in violation of federally protected rights which forecloses relief on his third ground as well.

**RECOMMENDATION**:

---

[3] Upon an eligible inmate's release from incarceration the distinction between mandatory supervision and parole is essentially irrelevant. *See e.g. Coleman v. Dretke,* 395 F.3d 216, 219, n. 1, reh. denied 405 F.3d 665 (5th Cir. 2004).

[4] There is no federal constitutional right to credit for "street time" spent on parole or conditional release prior to revocation of the same. *See Morrison v. Johnson,* 106 F.3d 127, 129 at n. 1 (5th Cir. 1997); *Campos v. Johnson,* 958 F.Supp. 1180, 1190 and n. 52 (W.D. Tex. 1997).

For the foregoing reasons it is recommended that the petition be denied and dismissed, and it is further recommended that Walp's motions for leave to conduct discovery filed on April 7, 2008, and June 30, 2008, respectively, be denied, the same being moot.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 29th day of October, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.